ACCEPTED
01-15-00081-CV
FIRST COURT OF APPEALS
HOUSTON, TEXAS
5/28/2015 3:52:49 PM
CHRISTOPHER PRINE
CLERK

# No. 01-15-00081-CV

In the Court of Appeals

For The First District of Texas

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS
5/28/2015 3:52:49 PM
CHRISTOPHER A. PRINE
Clerk

## Julie Ann Anderson, *appellant*

### v.

## Anthony Dainard, *appellee*

On Appeal from the 308th District Court

Harris County, Texas

Trial Court No. 2012-29667

# APPELLANT'S REPLY BRIEF

Matthew W. Brown
SBN 03202200
1602 Eastwood St.
Houston, TX 77023
832-438-7531
Fax 713-497-5177
brown9545@yahoo.com

Attorney for Appellant

Oral Argument Waived

1

# List of Parties and Counsel

The following persons and entities are parties or counsel in this case:

Appellant:                    Julie Ann Anderson

Counsel for Appellant (at both trial court and appellate court):

        Matthew W. Brown, SBN 03202200
        1610 Eastwood St.
        Houston, TX 77023
        832-438-7531
        Fax 713-583-3810
        brown9545@yahoo.com


Appellee:                     Anthony Douglas Dainard

Counsel for Appellant in trial court:

        Jessica Burkett, SBN 24064977
        10707 Corporate Drive, Suite 116
        Stafford, TX 77477
        713-581-1090
        Fax 713-481-0154

Counsel for The Office of the Attorney General of Texas:

        Francisca Okonkwo
        Jennifer L. Baker
        Macie D. Miller
        Roland Brown
        Valencia Dillard
        Attorney of Record
        Child Support Division
        2636 S Loop West Ste 200
        Houston, TX 77054-2696
        800-252-8014
        713-660-0098(fax)

# Table of Contents

List of Parties and Counsel……………………………………………...… 2

Table of Contents………………………………………………………...…3

Index of Authorities……………………………………………...…….4

Argument……………………………………………………………...…..5

Issue Presented. Issue 1: The trial court is the sole judge of the credibility of the witnesses; but, even if appellant's evidence and testimony was totally disregarded by the trial court, appellee still failed to present legally sufficient evidence to the court to justify a name change…………………………...………………………….. 6

    A. The Appellee's Response Brief contains accusations of purposeful misconduct and delay by the appellant that are outside the record, contrary to the record, and are misstatements of fact …………………..12

Prayer………………………………………………………………..…..14

Certificate of Word Count……………………………………………...…15

Certificate of Service……………………………………………………...15

# Index of Authorities

*City of Keller v. Wilson,* 168 S.W.3d 802 (Tex. 2005)...................................10

*In re A.E.M.,* No. 01-14-00123-CV, Lexis 13455 (Tex. App.—Houston[1[st] Dist.]

       Dec. 16, 2014; reh'g denied, Lexis 3008, Feb. 3, 2015) ........ ...5,6,7,8, 10

*In re Guthrie,* 45 S.W.3d 719 (Tex. App. – Dallas 2001, pet. denied)......................6

*In re H.S.B.,* 401 S.W.3d 77 (Tex. App.- Houston[14[th] Dist.] 2011, no pet.)............5,6,7,8,9,11

*In re J.K.,* 922 S.W.2d 220 (Tex. App.—San Antonio 1996, no writ)............. . 6

*In re M.C.F.,* 121 S.W.3d 891 (Tex. App. – Fort Worth 2003, no pet.)............. 6

*In re S.M.V.,* 287 S.W.3d 435 (Tex. App.—Dallas 2009, no pet.)................. 6

*In the Interest of D.A.,* 307 S.W.3d 556 (Tex. App.—Dallas 2010, no pet.).........7

*Newman v. King,* 433 S.W.2d 420 (Tex. 1968)...................................6

*Vazquez v. Vazquez,* 292 S.W.2d 80 (Tex. App.—Houston[14[th] Dist.] 2007, no pet.)............9

# ARGUMENT

**Issue 1: The trial court is the sole judge of the credibility of the witnesses; but, even if appellant's evidence and testimony was totally disregarded by the trial court, appellee still failed to present legally sufficient evidence to the court to justify a name change.**

Appellee Dainard ignored and confused the burdens of proof and persuasion in his "Appellee's Response Brief." While repeatedly stating that the trial court is "the sole judge of the credibility of the witnesses," appellee ignores that the *only* evidence presented by appellee at trial was the conclusory statement that sharing a last name "will help us bond" and that changing the child's surname was "in her best interest." He gave no reason why it would be in *her* best interest. Appellee also testified that he could bond with A.A.A. whether they shared a last name, or not. He did not explain why keeping the last name "Anderson" would be detrimental to the child.

The parties concur that the balancing test of *In re A.E.M.,* No. 01-14-00123-CV, Lexis 13455 (Tex.App.—Houston[1st Dist.] Dec. 16, 2014) and *In re H.S.B.,* 401 S.W.3d 77 (Tex. App.— Houston[14th Dist.] 2011, no pet.) is the controlling law in this case. However, appellee failed to appreciate that it was *his* burden at trial to come forward with evidence to *change* A.A.A.'s last name.

5

All of the following cases define the burden of *persuasion* that appellee was required to meet in the trial court:

1) "Once the child has been named, the name will not be changed unless the complaining party *proves* there is good reason to change the name (emphasis added)." *In re A.E.M.,* at p.10; citing *In re Guthrie,* 45 S.W.3d 719, 724 (Tex.App.—Dallas 2001, pet. denied).

2) "A party seeking a name change must show that the original name is detrimental to the child." *In re J.K.,* 922 S.W.2d 220, 222 (Tex.App.—San Antonio 1996, no writ).

3) "The name chosen by one parent should be changed only if the other parent provides sound reasoning why the given name would be detrimental to the child." *Newman v. King,* 433 S.W.2d 420, 423 (Tex. 1968).

4) "A party seeking a name change for a minor in a paternity action must show both good cause for the name change and that the change of name would be in the child's best interest." *In re S.M.V.,* 287 S.W.3d 435, 447 (Tex.App.—Dallas 2009, no pet.); *In re M.C.F.,* 121 S.W.3d 891, 895 (Tex.App.—Fort Worth 2003, no pet.).

5) "The general rule is that courts exercise [the] power [to change a child's surname] reluctantly and only when the substantial welfare of the child

6

requires it." *In re H.S.B.*, 401 S.W.3d 77, 83 (Tex. App.—Houston[14th Dist.] 2011, no pet.); *In the Interest of D.A.*, 307 S.W.3d 556 (Tex. App.—Dallas 2010, no pet.).

Despite all of these cases and rulings establishing the appellee's burden in this case, appellee only presented the trial court with conclusory statements as his "evidence" to support a name change: "Well, she lives primarily with her mother; and I think that it would help create a bond between her and I. I don't think it would cause her any discomfort or embarrassment. I think it would create a bond between she and I." And, "I do believe it's in her best interest [to change her last name to Dainard]" (RR 9, lines 11-18).

The balancing test in *A.E.M.* and *H.S.B.* sets forth the factors by which a court determines if the evidence presented for a name change by a movant/party is "good cause," or "sound reasoning," and is for the "substantial welfare of the child" and in the "child's best interest." The factors are:

1) the name that would best avoid anxiety, embarrassment, inconvenience, confusion, or disruption for the child, which may include consideration of parental misconduct and the degree of community respect (or disrespect) associated with the name,

2) the name that would best help the child's associational identity within a family unit, which may include whether a change in name would positively

7

or negatively affect the bond between the child and either parent or the parents' families,

3) assurances by the parent whose surname the child will bear that the parent will not change his or her surname at a later time,

4) the length of time the child has used one surname and the level of identity the child has with the surname,

5) the child's preference, along with the age and maturity of the child, and

6) whether either parent is motivated by concerns other than the child's best interest- for example, an attempt to alienate the child from the other parent.

*In re A.E.M., at p.11; In re H.S.B., 401 S.W.3d at 84.*

As appellee notes repeatedly in his brief, the trial court is the sole judge of the credibility of the witnesses. But, assuming *arguendo* that the trial court did not believe a single word of testimony from the appellant or disregarded it altogether, the appellee still did *not* present *any* evidence of the following considerations set forth and discussed at length in *A.E.M.* and *H.S.B.*:

1) Evidence of "Dainard" familial ties or association;

2) Evidence that A.A.A. has siblings with the name of "Dainard";

3) Evidence that the name "Anderson" would be detrimental to the child;

4) Evidence that the name "Anderson" would cause embarrassment to the child;

8

5) Evidence that the child knows or recognizes the name "Dainard."

6) Evidence that having the last name of "Dainard" would avoid embarrassment or disruption for the child;

7) Evidence of community respect for the name "Dainard," or disrespect in the community for the name "Anderson."

8) Evidence that the name "Anderson" would cause confusion for A.A.A. or that having the last name "Dainard" would avoid confusion for A.A.A.

9) Evidence to indicate that appellant was motivated by concerns other than the child's best interest.

10) Evidence that appellant attempted parental alienation.

Actually, appellee himself refuted several of these considerations when he testified that the name Anderson would not be detrimental, embarrassing, or cause a bad reputation for the child. (RR page 10, lines 9-22).

Appellee even refuted his own testimony that he hoped a name change would help him bond with A.A.A. when he stated that he could bond with her no matter what her last name is (RR page 11, lines 10-14).

Furthermore, appellee's conclusory statement that changing A.A.A.'s surname would "be in the child's best interest" is not itself evidence of best interest. *H.S.B.* 401 S.W.3d 77, at 88; citing *Vazquez v. Vazquez*, 292 S.W.3d 80,

9

85 (Tex. App.—Houston [14th Dist.] 2007, no pet.) ("conclusory statement of best interest is not competent evidence").

A legal sufficiency review requires this court to "credit favorable evidence if a reasonable fact finder could, and disregard contrary evidence unless a reasonable fact finder could not." (*A.E.M., pages 11-12; City of Keller v. Wilson,* 168 S.W.3d 802, 823 (Tex. 2005)) The trial court had the right to disregard appellant's testimony that A.A.A. knows, recognizes and responds to her name (RR, page 18 line 19 through page 19 line 10), that appellant will not change her last name in the future (RR, page 18, lines 3-13), and that A.A.A. has a close bond with her maternal grandmother who also has the name Anderson and lives near her in Houston (RR, page 17, lines 10-25). The trial court had the right to disregard her evidence even though it was the *only* testimony concerning familial ties and association, identification by the child with a particular surname, and the only evidence of which last name would best avoid confusion. Assuming *arguendo* that the trial court disregarded all of the above testimony from Appellant, there is still no legally sufficient evidence of the six factors of the *A.E.M.* balancing test to support the trial court's ruling. If there is no evidence in favor of or against a factor, then the factor is neutral. As stated throughout the *A.E.M.* and *H.S.B.* opinions, when a factor is neutral, it favors *against* a name change.

10

According to *H.S.B.*, appellee had to show that the name change was in the child's best interest or that maintaining the last name of Anderson would be detrimental. (*H.S.B.* at 88). He did neither. His conclusory statement about the child's best interest being served by a name change is not competent evidence (see, *Vazquez, supra*) and appellee admitted that having the last name Anderson would not be detrimental (RR page 11, line 13).

In conclusion, even if the trial court completely disregarded all of the evidence presented at trial by appellant, or found the evidence presented by appellant to not be credible, the trial court *still* did not have sufficient information on which to exercise its discretion. Appellee had a burden to present the court with evidence of substantial and probative character to justify a name change. No such evidence was presented, the appellee's case was legally insufficient, and the trial court abused its discretion when ordering the child's name change.

## A. The Appellee's Response Brief contains accusations of purposeful misconduct and delay by the appellant that are outside the record, contrary to the record, and are misstatements of fact

In his brief, the appellee spent much of his statement of facts and argument focusing on the progression of the underlying case. In doing so, appellee makes misstatements of fact and goes outside the record to support an argument that appellant partook in dilatory tactics and parental misbehavior. Appellant requests

11

that this Court ignore appellee's statements about the progress of the underlying case because they are false (i.e., appellant "fired" her lawyer, appellant used "procedural machinations to stall and delay a resolution of this case"), outside the record, contrary to the record, and they are not relevant to the issue at hand. In the event that this Court might consider the progression of the underlying case as relevant, appellant would point out that (1) Appellee never filed a motion for a trial setting or an expedited trial setting; (2) Appellee did not file anything to advance this case between the mediation in June 2013 and the trial setting in May 2014; (3) Appellee agreed to the consolidation of the cases (CR 24) and the referral to mediation (CR 32); (4) Appellant never filed a motion for continuance.

Secondly, in his brief, appellee tried to put significance on the fact that appellant testified that she "gave [appellee] JMC," as if it meant that she was "in control" of the proceedings. It seems rather obvious, but appellant was merely using the colloquial phrase of a layperson to explain that she *agreed* to the designation of appellee as a joint managing conservator (JMC), rather than fight or object to it. (Her agreement on the JMC issue actually speaks to a *lack* of intent to delay this case.)

Finally, appellee argues in his brief (but did not present evidence at trial) that there was nothing he could do about his limited visitation schedule with the child – that visiting his daughter more often would have been a violation of the

12

trial court's order (Appellee's Response Brief, page 29). Nonsense. Appellant Anderson testified that she offered appellee more time with his daughter, but he refused (RR page 22, lines 1-11). The Temporary Orders in this case state (as nearly all possession and access orders do): "parents may have possession of the child at any and all times mutually agreed to in advance…." (CR 12). If appellant offered more time to appellee and he agreed to take it, how would that have been a violation of a court order? Why does the appellee believe that it was the appellant's job to formally file any such offers or file a Motion to Modify Temporary Orders to allow appellee more time? (Appellee's Response Brief, page 28).

Far more pertinent to an evaluation of whether appellee presented legally sufficient evidence to the trial court is the fact that Appellee Dainard did not present any evidence that he either requested more time with his daughter or that appellant ever blocked or interfered with his visitation schedule. He presented no testimony or evidence that appellant had attempted parental alienation. To the contrary, Dainard agreed to the limited visitation schedule in the temporary orders (CR 23) and never tried to have the terms modified by the court. Again, assuming *arguendo* that the trial court completely disregarded Anderson's testimony, there was still no evidence before the court of misconduct or alienation on the part of appellant.

13

# **Prayer**

Ms. Anderson urges this court to respect that the courts of the State of Texas will exercise the power to change a child's name reluctantly. Ms. Anderson prays that this court will find that the trial court acted arbitrarily and unreasonably, without reference to any guiding rules or principles such as those established in *In re A.E.M., In re H.S.B.,* and *In re Guthrie.* For the reasons stated above, appellant Julie Ann Anderson prays that this court (1) find that the trial court abused its discretion, (2) reverse the ruling of the trial court, and (3) render judgment that A.A.A. retain the last name of Anderson.

Respectfully submitted,

/s/ Matthew W. Brown
Matthew W. Brown
SBN 03202200
1610 Eastwood St.
Houston, TX 77023
832-438-7531
713-583-3810(fax)
brown9545@yahoo.com

Attorney for Appellant, Julie Ann Anderson

# Certificate of Word Count

I hereby certify that, in accordance with Rule 9.4 of the Texas Rules of Appellate Procedure, that the number of words contained in this computer generated document are 2,771 according to the computer program used to prepare this document.

Date May 28, 2015

/s/ Matthew W. Brown

# Certificate of Service

I hereby certify that, in accordance with Rule 9.5 of the Texas Rules of Appellate Procedure, I have served the foregoing document upon the following attorneys by personal mail, email, by commercial delivery service, or by fax:

Jessica Burkett, SBN 24064977
10707 Corporate Drive, Suite 116
Stafford, TX 77477
713-581-1090
Fax 713-481-0154

Francisca Okonkwo
Jennifer L. Baker
Macie D. Miller
Roland Brown
Valencia Dillard
Attorney of Record
Child Support Division
2636 S Loop West Ste 200
Houston, TX 77054-2696
800-252-8014
713-660-0098(fax)

/s/ Matthew W. Brown